UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SENTRY INSURANCE A MUTUAL COMPANY, a Wisconsin Corporation; and SENTRY CASUALTY COMPANY, a Wisconsin Corporation,<br><br>Plaintiffs,<br><br>v.<br><br>NEW ALTERNATIVES, INC., a California nonprofit corporation; and DOES 1-100,<br><br>Defendants, | CASE NO.: 18-cv-2664-WQH-KSC<br><br>**ORDER** |
| NEW ALTERNATIVES, INC., a California nonprofit corporation,<br><br>Cross-Claimant,<br><br>v.<br><br>SENTRY INSURANCE A MUTUAL COMPANY, a Wisconsin Corporation and SENTRY CASUALTY COMPANY, a Wisconsin Corporation,<br><br>Cross-Defendants. | |

HAYES, Judge:

The following matters are pending before the Court: 1) the Motion to Dismiss the Third Cause of Action (Fraud) in the Cross-Complaint filed by Plaintiffs (ECF No. 22) and 2) the Motion to Dismiss for Failure to State a Claim filed by Plaintiffs (ECF No. 27).

## BACKGROUND

On November 21, 2018, Plaintiffs Sentry Insurance A Mutual Company ("Sentry Insurance") and Sentry Casualty Company ("Sentry Casualty") initiated this action by filing a Complaint against Defendant New Alternatives, Inc. ("New Alternatives") for breach of contract. (ECF No. 1). Plaintiffs allege that Defendant breached Sentry Policies and Casualty Insurance Agreements regarding workers' compensation insurance coverage by failing to pay an outstanding balance of $573,290.35. (ECF No. 24 at 9). Plaintiffs seek a money judgment, reasonable costs and attorneys' fees incurred, and further relief as the court deems just and proper.

On February 26, 2019, Defendant filed an Answer, Affirmative Defenses, and a Counterclaim against Plaintiffs. (ECF No. 8). On July 24, 2019, Plaintiffs filed a Motion to Dismiss the Third Cause of Action (Fraud) in the Cross-Complaint filed by Defendant. (ECF No. 22).

On August 8, 2019, Defendant filed an Answer, Affirmative Defenses, and the First Amended Counterclaim. (ECF No. 24). Defendant admits that Plaintiffs provided workers compensation insurance coverage for Defendant from January 1, 2013 until January 1, 2017. (ECF No. 24 at 2). Defendant admits that it agreed to pay premiums to Plaintiffs. *Id*. at 4. Defendant alleges that one or more of Plaintiffs' Policies are illegal, void, and unenforceable because Plaintiffs supplemented the Sentry Policies with Casualty Insurance Agreements contrary to California Insurance Code § 11658. *Id*. at 8-9. Defendant alleges the following five claims in the Amended Counterclaim: 1) declaratory relief and rescission, 2) tortious breach of the implied covenant of good faith and fair dealing, 3) fraud (nondisclosure and misrepresentation), 4) declaratory relief, and 5) unjust enrichment. Defendant seeks a declaration that the Casualty Insurance Agreements are

void and unenforceable; rescission of the Casualty Insurance Agreements; general and special damages against Plaintiffs in a sum to be proven at trial with pre and post-judgment interest; and recovery of all attorneys' fees and consultants' fees, costs, and expenses.

On August 29, 2019, Plaintiffs filed a Motion to Dismiss Defendant's Amended Counterclaim for Fraud (Counterclaim 3). (ECF No. 27). Plaintiffs contend that Defendant failed to plead its fraud counter-claim with specificity required by Fed. R. Civ. Proc. 9(b) and that the fraud counter-claim is time-barred. (ECF No. 27-1 at 3). On September 23, 2019, Defendant filed a Response in Opposition to Plaintiffs' Motion to Dismiss Defendant's Amended Counterclaim for Fraud (Counterclaim 3). (ECF No. 28). On September 30, 2019, Plaintiffs filed a Reply. (ECF No. 31).

**ALLEGATIONS OF THE FIRST AMENDED COUNTERCLAIM FOR FRAUD**

Defendant alleges that Plaintiffs

> represented that the Sentry Policies and Casualty Insurance Agreements complied with California law, including the relevant applicable statutes and regulations. . . . These representations were false at the time made based on the specific violations of California law separately alleged, including the usage of an unapproved and illegal side agreement intended to bind New Alternatives prior to the required regulatory approval. Alternatively, Sentry did not disclose that the Casualty Side Agreement had not been approved by the California Insurance Commissioner . . . .

(ECF No. 24 at 13).

Defendant alleges the Plaintiffs' misrepresentations and non-disclosures were material and relied upon. *Id*. at 13-14. Defendant alleges that Plaintiffs' misrepresentations and non-disclosures "served as a preface to irregularities in the manner and method of determining premiums all in furtherance of [Plaintiffs'] scheme starting with the Program Inception Date and continuing to the present." *Id*. at 14. Defendant alleges that "Alternatively, [Plaintiffs'] intentional failure to disclose the alleged material facts commenced during the Policy application process, existed as of the Program Inception Date and continued without correction until June 7, 2013." *Id*. Defendant alleges that it did not discover that Plaintiffs' alleged misrepresentations and non-disclosures until after Sentry

Policies had been in force. *Id*. at 15. Defendant alleges that Plaintiffs' alleged conduct increased Defendant's insurance premiums and resulted in unnecessary and excessive, fees, costs, and expenses. *Id*.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Federal Rule of Civil Procedure 8(a) provides that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

When reviewing a motion to dismiss, a court must accept as true all "well-pleaded factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). However, a court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv*., 572 F. 3d 962, 969 (9th Cir. 2009) (quotations omitted).

## DISCUSSION

Plaintiffs/Cross-Defendants contend that Defendant fails to plead fraud with sufficient particularity. (ECF No. 27-1 at 6). Plaintiffs contend that Defendant's fraud claim is based upon alleged misrepresentations and nondisclosures that occurred at a point prior to the issuance of the 2013 Policy. *Id*. at 9. Plaintiffs contend that Defendant's fraud Counterclaim is time-barred by a three-year statute of limitations because Defendant first filed its Counterclaims in February 2019. *Id*. Plaintiffs contend that the discovery rule cannot be applied to toll the statute of limitations because Defendant has failed to plead any facts that would support application of the rule. *Id*.

Defendant/Cross-Claimant contends that the Counterclaim adequately alleges Plaintiffs' sale of an unapproved and illegal insurance product. (ECF No. 28 at 6). Defendant contends that there are multiple instances of fraud, which started with the issuance of the 2013 Policy and continue to the present. *Id*. at 8. Defendant contends that the separate instances of fraud include (i) fraudulent misrepresentations and nondisclosures regarding premiums; (ii) fraudulent inflation of premiums; and (iii) fraudulent misappropriation of $300,000 in Defendant's pre-funded deposit. *Id*.

Claims sounding in fraud or mistake must comply with the heightened pleading requirements of Federal Rule of Civil Procedure 9(b), which requires that a complaint "must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Rule 9(b) "requires . . . an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (quotation omitted); *see also Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (averments of fraud must be accompanied by "the who, what, when, where, and how of the misconduct charged") (quotation omitted). "To comply with Rule 9(b), allegations of fraud must be specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001) (citation and internal quotations omitted). "[A] plaintiff must set forth more than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement, and why it is false." *Vess*, 317 F.3d at 1106.

Defendant's Amended Counterclaim alleges that Plaintiffs

> represented that the Sentry Policies and Casualty Insurance Agreements complied with California law. . . . These representations were false at the time made based on the specific violations of California law separately alleged, including the usage of an unapproved and illegal side agreement intended to bind New Alternatives prior to the required regulatory approval. Alternatively, Sentry did not disclose that the Casualty Side Agreement had not been approved by the California Insurance Commissioner . . . .

5

(ECF No. 24 at 13).

The Court concludes that Defendant's allegations of fraud are not "specific enough to give [Plaintiffs] notice of the particular misconduct which is alleged to constitute the fraud charged . . . ." *Bly-Magee*, 236 F.3d at 1019 (9th Cir. 2001). The Amended Counterclaim fails to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).

"A federal court sitting in diversity applies the substantive law of the state, including the state's statute of limitations [including tolling rules]." *Albano v. Shea Homes Ltd. P'ship*, 634 F.3d 524, 530 (9th Cir. 2011) (citing *Nev. Power Co. v. Monsanto Co.*, 955 F.2d 1304, 1306 (9th Cir. 1992)). Section 338(d) expressly provides a three-year limitation on

> An action for relief on the ground of fraud or mistake. The cause of action in that case is not to be deemed to have accrued until the discovery, by the aggrieved party, of the facts constituting the fraud or mistake.

Cal. Civ. Proc. Code § 338(d). "The limitations period, the period in which a plaintiff must bring suit or be barred, runs from the moment a claim accrues." *Aryeh v. Canon Bus. Solutions, Inc.*, 55 Cal.4th 1185, 1191 (2013); *see* Cal. Civ. Proc. Code § 312 (an action must "be commenced within the periods prescribed in this title, after the cause of action shall have accrued.") "[O]rdinarily, the statute of limitations runs from 'the occurrence of the last element essential to the cause of action.'" *Aryeh*, 55 Cal.4th at 1191 (quoting *Neel v. Magana*, 6 Cal.3d 176, 187 (1971)).

"An important exception to the general rule of accrual is the 'discovery rule,' which postpones accrual of a cause of action until the plaintiff discovers, or has reason to discover, the cause of action." *Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal.4th 797, 806 (2005). Under the delayed discovery rule, "a cause of action accrues and the statute of limitations begins to run when the plaintiff has reason to suspect an injury and some wrongful cause . . . ." *Fox,* 35 Cal.4th at 803. Stated differently, "the limitations period begins once the plaintiff

has notice or information of circumstances to put a reasonable person on inquiry." *Jolly v. Eli Lilly & Co.,* 44 Cal.3d 1103, 1110-11 (1988). "A plaintiff has reason to discover a cause of action when he or she 'has reason at least to suspect a factual basis for its elements.'" *Fox*, 35 Cal 4th at 807 (quoting *Norgart v. Upjohn Co.*, 21 Cal.4th 383, 398 (1999)). "[T]o rely on the discovery rule for delayed accrual of a cause of action, '[a] plaintiff whose complaint shows on its face that his claim would be barred without the benefit of the discovery rule must specifically plead facts to show (1) the time and manner of discovery *and* (2) the inability to have made earlier discovery despite reasonable diligence.'" *Id.* at 808 (second alteration and emphasis in original) (citation omitted).

In the Amended Counterclaim, Defendant alleges that Plaintiffs' misrepresentations and nondisclosures "spanned the course of the application process for the Policies, prior to the Program Inception Date and as of the date of issuance of the first Sentry Policy on January 1, 2013." (ECF No. 24 at 13). Defendant alleges that Plaintiffs' misrepresentations and nondisclosures "continu[e] to the present." *Id*. at 14. Defendant alleges that

> Alternatively, Sentry's intentional failure to disclose the alleged material facts commenced during the Policy application process, existed as of the Program Inception Date and continued without correction until June 7, 2013[, (allegedly when the Casualty Insurance Agreement were approved by the California Insurance Commissioner)].

*Id*. at 14.

Section 338(d) expressly provides a three-year limitation on "[a]n action for relief on the ground of fraud or mistake. . . ." Cal. Civ. Proc. Code § 338(d). On February 26, 2019, Defendant filed its fraud Counterclaim against Plaintiffs. On August 8, 2019, Defendant filed the Amended Counterclaim against Plaintiffs. Based on the June 7, 2013 date that Defendant provides in the alternative, Defendant's fraud Counterclaim is time-barred.

Although Defendant asserts facts regarding the time of discovery, the manner of discovery, and the inability to have made earlier discovery in its Response in Opposition,

7

in the Amended Counterclaim, Defendant alleges that it "did not discover that the acts of [Plaintiffs] were wrongful until after the Policies had been in force." (ECF No. 24 at 15). Defendant's Amended Counterclaim fails to specifically plead facts to show "(1) the . . . manner of discovery *and* (2) the inability to have made earlier discovery despite reasonable diligence." *Fox*, 35 Cal.4th at 808. Defendant's Amended Counterclaim does not adequately plead tolling under the delayed discovery rule. *See Yumul v. Smart Balance, Inc.*, 733 F.Supp.2d 1134, 1144-45 (C.D. Cal. 2010) (granting Defendant's Motion to Dismiss without prejudice because Plaintiff "has not alleged in any form the manner of her discovery, her complaint does not adequately plead tolling under the delayed discovery rule.")

## CONCLUSION

IT IS HEREBY ORDERED that Plaintiffs' Motion to Dismiss New Alternatives, Inc.'s First Amended Counterclaim for Fraud (Counterclaim 3) (ECF No. 27) is GRANTED.

IT IS FURTHER ORDERED that Plaintiffs' Motion to Dismiss the Third Cause of Action (Fraud) in the Cross-Complaint Filed by New Alternatives, Inc. (ECF No. 22) is DENIED as moot.

Any motion for leave to file an amended pleading must be filed within 20 days of this Order.

Dated: November 13, 2019

Hon. William Q. Hayes
United States District Court